WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonya Lee Mims,<br><br>   Plaintiff,<br><br>v.<br><br>United States of America,<br><br>   Defendant. | No. CV-16-00585-PHX-JAT (BSB)<br><br>**ORDER DENYING MOTION TO INTERVENE** |

  Pending before the Court is a Motion to Intervene under Federal Rule of Civil Procedure 24(a) (Doc. 10), made by Scott Homes II, LLC, Rancho Cabrillo Parcel F Homeowners Association, Inc., KDB Finance, LLC, and Timberline Village Corporation (collectively "Movants"). Movants seek to intervene in Plaintiff Tonya Mims' Motion to Return Property under Federal Rule of Criminal Procedure 41(g).

  Plaintiff filed a motion requesting the return of three items previously seized during the criminal proceedings against her: (1) an external hard drive, (2) a computer tower, and (3) a file folder containing household documents.[1] (Doc. 1). Movants claim Plaintiff's property likely contains sensitive information regarding Movants, and is therefore protectable under the Crime Victim's Rights Act, 18 U.S.C. § 3771(a)(8).

---

[1] The United States responded with no objection to Mims' motion (Doc. 8), and this Court ordered the Government to return the property (Doc. 9). Movants then filed this Motion to Intervene, requesting the Government release the property to them. (Doc. 10 at 2). This Court modified its previous order and ordered that the property be retained pending its decision on the Motion to Intervene. (Doc. 11).

Federal Rule of Civil Procedure 24(a)(2) allows a party to intervene in an action as of right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest" in the property. There are four requirements a party must meet to be entitled to intervention as of right:

> (1) the [party's] motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (quoting *Sierra Club v. Envtl. Prot. Agency*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

The current record does not support a conclusion that Movants have a significantly protectable interest in the property in question.[2] Plaintiff asserted in her Motion that the property contains only music files, family photos, and household documents. (Doc. 1). Movants' claims that the property contains sensitive information is purely speculative, based on Plaintiff's previous purchase of software that she used to "alter and hide evidence" and her "propensity for deceit." (Doc. 10 at 2). Movants also argue Plaintiff has a history of hiding and preventing access to property in order to prevent Movants' from mitigating their losses. (Doc. 10 at 3). Plaintiff's history alone does not give rise to an appreciable likelihood that this particular property contains sensitive information about Movants. *See Silver v. Babbitt*, 166 F.R.D. 418, 429 (D. Ariz. 1994) (denying motion to intervene because the applicant's interests were "too speculative . . . to justify intervention of right").

Nevertheless, as the victims of the crimes in question, Movants have the right to

---

[2] Movants also argue they are entitled to possession of the property in order to sell the electronic equipment in satisfaction of the civil judgment against Mims. (Doc. 8 at 2). Movants admit, however, that any satisfaction obtained through the sale of this equipment would be "marginal." (Doc. 18-1 at 1 (Reply in Support)). Accordingly, Movant's financial interest in the property is not significantly protectable.

"be treated with . . . respect for the victim's dignity and privacy." 18 U.S.C. § 3771. In the event the property does in fact contain sensitive or personal information, releasing the property to Plaintiff will not adequately protect Movants' rights. The Court agrees with Movants that their interest would be better protected if the Government undertook to review the property in order to determine whether it contains sensitive information. (Doc. 18-1 at 2).

Accordingly,

**IT IS ORDERED** denying the Motion to Intervene (Doc. 10) without prejudice.

**IT IS FURTHER ORDERED** that the Government shall review all of the property in question and determine the nature of the data contained therein; no later than **thirty (30) days** from the date of this Order, the Government shall report to Movants regarding whether the property contains sensitive or personal information Movants.

**IT IS FURTHER ORDERED** that if the Government's report reveals any relevant data concerning Movants, Movants may renew this Motion to Intervene within **ten (10) days** of the date of the report.

**IT IS FURTHER ORDERED** that, if the Government's report does not reveal that the property contains any relevant data concerning Movants, the Government shall, within **thirty (30) days** of its report, notify the Court that Plaintiff's property at issue has been returned to her or describing its efforts to return Plaintiff's property and the expected date on which it will be returned.

Dated this 28th day of October, 2016.

James A. Teilborg
Senior United States District Judge